| | |
|---|---|
| 1 | KING, HOLMES, PATERNO & BERLINER LLP |
| | HOWARD E. KING, ESQ., STATE BAR NO. 077012 |
| 2 | SETH MILLER, ESQ., STATE BAR NO. 175130 |
| | 1900 AVENUE OF THE STARS, 25TH FLOOR |
| 3 | LOS ANGELES, CALIFORNIA 90067-4506 |
| | E-MAIL:    MILLER@KHPBLAW.COM |
| 4 | TELEPHONE: (310) 282-8989 |
| | FACSIMILE:  (310) 282-8903 |
| 5 | |
| 6 | Attorneys for Defendants |
| | PAUL FRANK SUNICH and |
| 7 | BINDER SALEM COMPANY, INC., |
| | d/b/a CHASER MERCHANDISING |

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| 13 | PAUL FRANK INDUSTRIES, INC., a California corporation, | CASE NO. SACV 07-0609 CJC (ANx) |
| 14 | | Action Commenced:    5/25/2007 |
| 15 | Plaintiff, | **FINAL JUDGMENT AND PERMANENT INJUNCTION;** |
| 16 | vs. | |
| 17 | PAUL SUNICH, an individual; PAUL FRANK DESIGN, an entity of unknown form; CHASER MERCHANDISING, an entity of unknown form; and DOES 1-10, inclusive, | **Judge:   Hon. Cormac J. Carney** |
| 19 | Defendants. | |

21   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, pursuant to the

22   stipulation of the parties, that:

23   1.   Defendants Paul Sunich and Paul Frank Design (collectively, "Sunich")

24   and Binder Salem Company, Inc. d/b/a Chaser Merchandising ("Chaser")

25   (collectively, "Defendants") are permanently enjoined from using the name or mark

26   Paul Frank Sunich, or the name or mark Paul Frank, on any product or service, or on

27   any label or tag (including as part of or in reference to the label name) for any

28   product or service sold to the public if that product or service is similar to or likely

3121.065/216193.1

1  to cause confusion with any product or service sold by plaintiff Paul Frank
2  Industries, Inc. ("Plaintiff" or "PFI") at or within five years prior to the time that
3  Defendants' product or service is first sold to the public ("Competing Products")
4  and in connection with advertisements that are likely to cause confusion as to the
5  source of any such products or services.

6      2.    Sunich is permitted to use his name "Paul Frank Sunich" or "Paul
7  Frank" to identify himself as the designer of Defendants' products, including in
8  signatures, business cards, biographical excerpts and letters, and in a message or
9  informative piece posted on Defendants' websites, so long as these uses do not
10 create a likelihood of confusion with Plaintiff's products or services and, where
11 practical, make it clear that Sunich is no longer affiliated with Plaintiff.

12     3.    Defendants may use the domain name www.paulfranksunich.com or
13 any commercial website content that includes the name Paul Frank or Paul Frank
14 Sunich as long as the website maintains a clear and conspicuous disclaimer
15 explaining that Sunich is not affiliated with PFI, and the website does not, in a
16 manner likely to cause confusion as to the source of the products or services, sell or
17 link to any website that sells any Competing Products.  Notwithstanding the
18 foregoing, Defendants' websites shall not link to any websites maintained by Sunich
19 related to Paul Art, as that term is defined below in Paragraph 5.

20     4.    Sunich is permitted to maintain his current MySpace page, located at
21 www.myspace.com/paulfrank or any similar pages at social networking sites (the
22 "Paul MySpace Page"), subject to the provisions of Paragraph 7 below.  The Paul
23 MySpace Page is permitted to link to Sunich's websites as provided for in Paragraph
24 3 above, as well as to Sunich's websites provided for in Paragraph 5 below.

25     5.    Sunich has the right to use the name Paul Frank or Paul Frank Sunich
26 in connection with original fine art created by Sunich ("Paul Art").  However, if
27 Sunich makes prints or other copies of Paul Art, he may do so so long as he does not
28 advertise, distribute, give away, or sell more than 250 copies of each item in any

calendar year or make copies of more than 10 items of Paul Art in any calendar year. Paul Art shall be advertised, distributed and sold only through fine art auction houses, galleries and other customary purveyors of fine art. Sunich is further permitted to advertise, distribute and sell Paul Art via websites owned and operated by him. These websites, however, shall not link to any websites permitted in Paragraph 3 above.

  6. a. "Problematic Art" is Paul Art that disparages or harms the PFI brand or is offensive or obscene. If Plaintiff reasonably believes a particular item of Paul Art is Problematic Art, Plaintiff will have the right to notify Sunich and shall appoint a representative to contact Sunich. Such representative shall be Mossimo Giannulli ("Mossimo"), but if Mossimo is no longer affiliated with Plaintiff, such representative shall be someone other than John Oswald or Ryan Heuser. Sunich will, promptly following receipt of such notice, discuss in good faith with Plaintiff's representative its concerns. If Plaintiff and Sunich are unable to resolve Plaintiff's concerns, Plaintiff and Sunich will submit the dispute to a single arbitrator, who will decide whether or not the Paul Art is Problematic Art. The parties shall mutually agree upon an arbitrator from the JAMS panels then available, and the arbitration shall be conducted under the respective JAMS rules, with the parties to split equally all arbitrator's fees and costs, and the arbitrator's award, and any judgment entered thereon, shall be final and non-appealable. No discovery shall be allowed.

   b. Until such time as the arbitrator decides the issue (or if the arbitrator decides the item is Problematic Art), Sunich will not exhibit, advertise, give away or sell the disputed item of Paul Art (unless all references to "Paul Frank" or "Paul Frank Sunich" are first removed from the item). If the arbitrator decides that the item is not Problematic Art, Sunich will have the right to exhibit or sell the item of Paul Art.

   c. Any other claims or disputes arising in the future concerning Defendants' use of the names Paul Frank or Paul Frank Sunich shall be submitted to

binding arbitration on the terms set forth in paragraph 6.a, except that: (i) the foregoing shall not prevent any party from seeking temporary, preliminary and/or permanent injunctive relief in any court of competent jurisdiction pending the arbitration of such claim or dispute; (ii) discovery is permitted as outlined in the applicable JAMS rules, and (iii) the final arbitrator's award, and any judgment entered thereon, shall be appealable on any applicable grounds then available under law.

7. Sunich agrees to use reasonable efforts to assist Plaintiff in obtaining, maintaining and policing Plaintiff's intellectual property rights related to the "Paul Frank" brand, including, but not limited to: a) modifying the content of the Paul MySpace Page as requested from time to time by PFI to avoid confusion; b) assisting PFI in taking down any third party websites, postings and MySpace pages that PFI deems in its reasonable business judgment to infringe on PFI's trademark and/or copyright rights; c) signing any necessary consents or releases related to PFI's trademarks and/or copyrights as needed from time to time; and d) agreeing not to challenge the validity of PFI's trademarks and copyrights.

8. Plaintiff's bond of $100,000 is released.

9. The Preliminary Injunction entered on August 22, 2007 is dissolved.

10. Plaintiff's non-enforcement of the terms of this Final Judgment and Permanent Injunction shall not waive Plaintiff's right to future enforcement of its terms.

11. Nothing in this Final Judgment and Permanent Injunction waives any party's right to bring an action against any other party hereto for any future unlawful conduct, subject to the mandatory arbitration provisions set forth above.

/ / /
/ / /
/ / /

1  12. Except as set forth above, PFI shall have and recover nothing from
2  Defendants in this action.
3  13. Each side shall bear its own costs and attorneys' fees.

DATED: March 10, 2008

_____
JUDGE, UNITED STATES DISTRICT COURT